UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Andrew G. Greenberg, Esq.
4400 Route 9 South
Suite 1000
Freehold, NJ 07728
(732) 236-4375
Attorney for Debtor

Order Filed on June 12, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

John S. Agugliaro

Case No.: 21-18456

Hearing Date: 6/12/2024

Chapter: 13

Judge: Gravelle

# ORDER AUTHORIZING
# SALE OF REAL PROPERTY

Recommended Local Form:  ☐ Followed   ☒ Modified

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: June 12, 2024**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly known as 1290 Sioux Road, North Brunswick, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☐   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| |
|---|
| Name of professional: [        ] |
| Amount to be paid: [        ] |
| Services rendered: [        ] |
| |
| |

**OR**: ☐   Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and

adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $25,150.00 claimed as exempt may be paid to the Debtor at the closing.

6. The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

EXP Realty LLC, 28 Valley Road, Suite 1, Montclair, NJ 07042, the disclosed dual agent, shall be paid a commission of $18,000.00 at the closing. In the event the Order Authorizing Retention has not been entered at the time of the closing, this amount shall be held in trust by the closing agent until the Order Authorizing Retention is entered.

Kim M. Flotteron, Esq., a member of the law firm Falk, Flotteron & Davidson, LLP, the attorney representing Nikki M. Agugliaro regarding the sale of debtor's real estate/Special Counsel, shall be paid a fee of $1,500.00 at the closing. In the event the Order Authorizing Retention has not been entered at the time of the closing, this amount shall be held in trust by the closing agent until the Order Authorizing retention is entered.

The 14 day stay pursuant to Federal Rule of Bankruptcy Procedure 6004 (h) is hereby waived.

Within 15 days of the entry of the within Order, debtor shall file a Motion to close case early.